**Hillary MIRACLE, Plaintiff,**

v.

**UNITED MINE WORKERS OF AMER-
ICA WELFARE AND RETIREMENT
FUND OF 1950 et al., Defendants.**

**Civ. A. No. 1302–73.**

United States District Court,
District of Columbia.

April 4, 1974.

Joseph H. Newlin, Arlington, Va., for plaintiff.

Joseph A. Rafferty, Jr., Walter P. O'Connell, Joseph T. McFadden, Washington, D. C., for defendants.

MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This case came on for hearing on the Defendants' Motion for Summary Judgment. The Plaintiff opposed the Motion alleging a dispute of material fact, but asked in the alternative for Summary Judgment himself. Upon consideration of the pleadings, papers and depositions filed herein, and the arguments of counsel, the Court finds there is no dispute as to material fact and grants the Defendants' Motion for Summary Judgment for the reasons outlined below.

This is a suit for declaratory judgment. The Plaintiff has been denied a pension on the grounds that he did not meet the requirement of 20 years classified service in the coal industry before retiring. For nearly the total of the Plaintiff's career in the coal industry, he was a section foreman. Although he did production work similar to the work performed by the miners he supervised, the Defendants found the supervisory job responsibility removed the Plaintiff from the class of people for whom the Fund was established. The Fund agreement specifically states:

"All other employees working in or about the mines shall be included in this Agreement except essential supervisors in fact such as: Mine foremen, Assistant Mine Foremen who, in the usual performance of their duties, may make examinations for gas as prescribed by law, and such other supervisors as are in charge of any class of labor inside or outside of the mines and who perform no production work."

The Plaintiff's position is that under the language of this provision, only those supervisors who perform *no* production work are exempt from Fund

benefits. The Defendants maintain that in the entire history of the Fund, a pension has not been paid, nor can it be paid to an individual who is part of management, even though the individual's production functions outweigh the individual's managerial functions. The Defendants further maintain that the plaintiff was aware of the nuances of his classification, readily accepted it and never disputed it.

Thus the questions are whether a worker is exempted simply due to his job classification irrespective of his production work and whether this interpretation is arbitrary and capricious.

■ The language of the agreement on its face appears to include the plaintiff within the class of workers covered by the agreement. However, the Court is strongly persuaded that throughout the history of the Fund, the Trustees have interpreted this language to exclude all persons classified as supervisors regardless of the amount of production work they may also perform. This long-standing interpretation and practice by the Trustees is to be given substantial if not controlling consideration in any analysis of the intent of the agreement as expressed by the words of the written documents. Eq. Green v. Obergfell, 73 App.D.C. 298, 121 F.2d 46, 138 A.L.R. 258, cert. denied 314 U.S. 637, 62 S.Ct. 72, 86 L.Ed. 511 (1941); cf. Trafficante v. Metropolitan Life Insurance Co., 409 U.S. 205, 93 S.Ct. 364, 34 L.Ed.2d 415 (1972).

■ Furthermore, the Court finds the application of this interpretation in the Plaintiff's case was neither arbitrary nor capricious. The Defendants' denial of the pension was consistent with their past practices. Although the Plaintiff feels entitled to a pension since every ton of coal he assisted to produce added forty cents to the Fund, he was aware of the distinctions attendant his classification as a section foreman and never made any attempt to contest that classification. He definitely was considered part of management and not part of the collective bargaining unit as were the in-fact production workers. The Defendants' determination has a rational basis—to maintain the res to provide pension benefits for those workers who simply produce coal and do not obtain the benefits which flow from a managerial position.

For these reasons the Court will enter an Order of even date granting the Defendants' Motion for Summary Judgment and denying the Plaintiff's Motion for the same.